# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY OVERTURE,<br><br>               Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:06-cv-01372-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>OBJECTIONS DUE MAY 17, 2007<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 2, 2006.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

In his complaint, plaintiff acknowledges that there is an inmate appeal process available at his institution but argues that filing an appeal in his case "would have been futile due to the time

1  lapse" and a "waste of time."  Plaintiff's explanation for not pursuing an appeal does not excuse the
2  requirement.  "All 'available' remedies must now be exhausted; those remedies need not meet
3  federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing
4  to Booth, 532 U.S. at 739 n.5).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted
5  claims cannot be brought in court."  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435
6  U.S. at 524).  Exhaustion is an affirmative defense and plaintiff cannot be required to plead or
7  demonstrate exhaustion in his complaint.  Jones, 127 S.Ct. at 921.  However, because it is clear from
8  the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior
9  to filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108,
10 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal .
11 . . .").

12         Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
13 prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim
14 prior to filing suit.

15         These Findings and Recommendations will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before May 17,
17 2007, plaintiff may file written objections with the court.  The document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure
19 to file objections within the specified time may waive the right to appeal the District Court's order.
20 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22         IT IS SO ORDERED.

23         Dated:   **April 19, 2007**              **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE